Jennifer Meredith (JM 4816)
Meredith & Keyhani, PLLC
330 Madison Avenue
6th Floor
New York, New York 10017
Telephone (212) 760-0098
Facsimile (212) 202-3819
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------x
Pitbull Productions, Inc.,                    )
                        Plaintiffs,           )      COMPLAINT
                                              )
                                              )
                                              )
                    v.                        )      JURY TRIAL
                                              )      DEMANDED
Vishara Video, Inc., Vihan's Video, Inc.      )
dba Vihara Video, Vihan's Video, Inc.,        )
John Does 1-10,                               )
                        Defendants            )
                                              )
-------------------------------------------------x
```

Plaintiff Pitbull Productions, Inc. by their attorneys Meredith & Keyhani, PLLC, as and for its Complaint against Defendants alleges as follows:

### THE PARTIES

1.      Plaintiff, Pitbull Productions, Inc. ("Pitbull"), is a company organized and registered in Delaware under the laws of Delaware with a place of business at 200 East 116th Street, Suite 2N, New York, New York 10029.

2.      Upon information and belief, Defendant Vishara Video, Inc. ("Vishara") is a DVD Store operating at 797 8th Ave, New York, New York 10019.

1

3.    Upon information and belief, Defendant Vihan's Video, Inc. ("Vihan's") is a DVD Store operating at 592 W 8th Ave, New York, New York 10019. Vihan's Video, Inc. also does business as Vihara Video.

4.    Upon information and belief, John Does 1-10 are various individuals responsible for selling and aiding others in the sale of counterfeit goods.

## JURISDICTION AND VENUE

5.    The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, §1338, and §1367 as the present case arises under the Lanham Act, 15 U.S.C. §1051 et seq., as amended, copyright infringement, false designation of origin, trade dress infringement, and unfair competition as well as trademark infringement and unfair competition arising under the common law of the State of New York and as is hereinafter more fully described.

6.    On information and belief, Defendants actively target the New York market and consumers.

7.    On information and belief, Defendants have committed acts of trademark infringement, trade dress infringement, copyright infringement and unfair competition in this district.

8.    On information and belief, Defendants are subject to the jurisdiction of this Court, and venue is proper in this District pursuant to 28 U.S.C. §1391.

## FACTUAL BACKGROUND

9.    Plaintiff repeats and realleges the allegations contained in the preceding paragraphs in this Complaint as though the same were fully rewritten herein.

10.    Plaintiff is a company dedicated to adult entertainment.

11.    Defendants are companies and Video Stores dedicated to selling DVDs including adult videos.

12.    Plaintiff has applied for and registered various trademarks. See attached Exhibit A.

13.    Plaintiff has common law trademark rights in the various word and design marks for each of the titles attached hereto as Exhibit B, as used in connection with pre-recorded CD's, video tapes, laser disks and DVDs featuring adult entertainment.

14.    Plaintiff has trade dress rights in each of the titles attached hereto as Exhibit B, as used in connection with pre-recorded CD's, video tapes, laser disks and DVD's featuring adult entertainment.

15.    Plaintiffs have applied for and registered various copyrights. See attached Exhibit C.

16.    On or about November 2, 2007 Plaintiff's representative went into each of the Defendant stores. The representative, purchased numerous DVD titles produced by Plaintiff that he believed to be counterfeit (bootleg) copies. Upon further examination and opening the DVD's, Plaintiff's representative's belief was confirmed. See attached Exhibit D.

17.    Defendants provide the identical services to the identical market as the Plaintiff's Website, namely, selling adult content DVDs. Defendants compete directly with Plaintiff. Plaintiff has examined DVDs from each of the Defendants stores and determined that they are in fact counterfeit.

18.     Defendants' use of counterfeits of the Plaintiff's trademarks and trade dress is confusingly similar to Plaintiff's trademarks and trade dress.

19.     Defendants' counterfeit use of Plaintiff's trademarks (registered and common law) in connection with adult DVDs are in direct competition with Plaintiff's goods and are likely to cause confusion, mistake or deception among the relevant trade and public.

20.     Upon information and belief, Defendants are engaging in this course of action willfully and with full knowledge and awareness of the superior trademark rights of Plaintiff, and with the purpose and intent of confusing the relevant trade and public into mistakenly believing that Defendants' services are associated with, affiliated with, or licensed by Plaintiff.

21.     Plaintiff has suffered, is suffering, and will continue to suffer, irreparable damage to its reputation, potential goodwill and monies spent towards development and the goodwill accumulated through their respective trade dress and trademarks unless Defendants are restrained by this Court.

22.     Plaintiffs have no adequate remedy at law.

## COUNT I –TRADEMARK AND TRADE DRESS INFRINGEMENT

23.     Plaintiff repeats each and every allegation set forth herein in the preceding paragraphs as through fully set forth herein

24.     Defendants' aforesaid activities constitute trademark and trade dress infringement under the Lanham Action, including Section 43(a) of Plaintiff's Trademark rights.

25.     Defendants' acts complained herein are likely to cause confusion, mistake, and deception of the relevant trade and public who are likely to believe that the services provided by Defendants are related to, connected to, or approved by Plaintiff when in fact they are not.

## COUNT II – FALSE DESIGNATION OF ORIGIN

26.     Plaintiff repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

27.     Defendants' aforesaid activities constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C § 1125(a).

28.     Defendants' use of Plaintiff's trademarks is likely to cause confusion, mistake or deception among the relevant trade and public as to the existence of an affiliation, connection, or association between Defendants and Plaintiff as to the origin, sponsorship or approval of the services provided by Defendants.

## COUNT III – COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

29.     Plaintiff repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

30.     Defendants' aforesaid activities constitute infringement of Plaintiff's trademarks and constitute trademark infringement and unfair competition under the common law of the State of New York.

## COUNT IV- COPYRIGHT INFRINGEMENT

31.     Plaintiff repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

32.    At least four (4) registered copyrights have been counterfeited and sold by Defendants (Love of the... 2,  Meatwackers Vol. 4, Bottoms up, and Dillon the One).  It is believed there are many more currently unknown instances of copyright infringement.

33.    Defendants' aforesaid activities constitute infringement of Plaintiff's copyrights.

**WHEREFORE**, Plaintiff prays that:

A.      Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, be enjoined and restrained, during the pendency of this action as preliminary injunction or temporary restraining order and permanently thereafter from:

        1.      Using, copying or otherwise exploiting Plaintiff's DVD's, including trademarks attached hereto as Exhibit A and Exhibit B and copyrighted materials listed in Exhibit C;

        2.      Using, disclosing, converting, appropriating, retaining, selling, transferring or copying any property of Plaintiff;

        3.      Using any of the marks attached hereto as Exhibit A and Exhibit B or any colorable imitation of any of the marks attached hereto as Exhibit A and Exhibit B, in connection with the sale of videos including, but not limited to, counterfeit goods sold at Defendants' stores and Websites;

        4.      Doing any other act or thing likely to, or calculated to, induce the belief that Defendants or Defendants' business is in any way affiliated, connected or associated with Plaintiff, or Plaintiff's business;

        5.      Unfairly competing with Plaintiff in any manner.

B.      Within ten (10) days after the entry of an order for either preliminary injunction, temporary restraining order or permanent injunction, Defendants be required to turn over any goods bearing the trademarks in Exhibit A and Exhibit B or copyrighted materials as in Exhibit C;

C.      Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants be required to deliver up for destruction all DVDs, DVD covers, labels, letterhead, business cards, signs, prints, packages, wrappers, receptacles, advertisements and the like in their

possession bearing the name or mark of any of the trademarks in Exhibit A and Exhibit B or any other reproduction, counterfeit, copy or colorable imitation of the trademarks listed in Exhibit A and Exhibit B and the copyrighted materials listed in Exhibit C.

D.     Plaintiff recover the Defendants' profits, as well as the damages sustained by Plaintiff due to Defendants' infringement of Plaintiff's trademark rights, such amount of profits and damages to be trebled.

E.     Defendants be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon Plaintiff a report in writing under oath setting forth in detail the manner and form in which Defendants has complied with the terms of the injunction.

F.     Awarding Plaintiff such damages, including compensatory and punitive damages, as are appropriate in view of the conduct, including the willful conduct, on the part of Defendants.

G.     Defendants be required to pay Plaintiff the costs of this action, together with reasonable attorney's fees and disbursements.

H.     Plaintiff be awarded statutory damages, pursuant to the Copyright Act and applicable Trademark Laws.

I.     Plaintiff to have such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly triable by jury in this action.

Dated: November 7, 2007          Respectfully Submitted,
      New York, New York

                                     Jennifer Meredith (JM 4816)
                                     Meredith & Keyhani, PLLC
                                     330 Madison Avenue
                                     6th Floor
                                     New York, New York 10017
                                     Telephone (212) 760-0098
                                     Facsimile (212) 202-3819
                                     Attorney for Plaintiffs

**<u>EXHIBIT A</u>**

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

## United States Patent and Trademark Office

Reg. No. 3,192,256
Registered Jan. 2, 2007

## TRADEMARK
## PRINCIPAL REGISTER



PITBULL PRODUCTIONS, INC. (DELAWARE CORPORATION)
SUITE 2S
200 E. 116TH STREET
NEW YORK, NY 10029

FOR: PRE-RECORDED CD'S, VIDEO TAPES, LASER DISKS AND DVD'S FEATURING ADULT EN-
TERTAINMENT USING BLATINO MODELS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 4-0-2005; IN COMMERCE 4-0-2005.

SER. NO. 78-725,369, FILED 10-3-2005.

BONNIE LUKEN, EXAMINING ATTORNEY

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

United States Patent and Trademark Office

Reg. No. 3,129,121
Registered Aug. 15, 2006

## SERVICE MARK
### PRINCIPAL REGISTER

# THUG PORN

PITBULL PRODUCTIONS INC. (PREVIOUS USE BY RELATED COMPANY CYBER GRAPHICS INDUSTRIES) (DELAWARE CORPORATION)

PO BOX 550244

NORTH WALTHAM, MA 02455

FOR: PRODUCTION OF VIDEO IN THE ADULT ENTERTAINMENT FIELD, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 12-20-1998; IN COMMERCE 12-20-1998.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PORN", APART FROM THE MARK AS SHOWN.

SER. NO. 78-627,873, FILED 5-11-2005.

ANGELA M. MICHELI, EXAMINING ATTORNEY

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

## United States Patent and Trademark Office

Reg. No. 2,938,064
Registered Apr. 5, 2005

## SERVICE MARK
### PRINCIPAL REGISTER



PITBULL PRODUCTIONS INC. (DELAWARE CORPORATION)
PO BOX 550244
NORTH WALTHAM, MA 02455

FOR: PROVIDING ENTERTAINMENT SERVICES IN THE NATURE OF ON-LINE ADULT ENTERTAINMENT BY MEANS OF A WORLD WIDE WEBSITE, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 12-16-2003; IN COMMERCE 12-16-2003.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SINCE 2003", APART FROM THE MARK AS SHOWN.

SER. NO. 78-376,524, FILED 3-1-2004.

CHERYL CLAYTON, EXAMINING ATTORNEY

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

Reg. No. 2,934,966

## United States Patent and Trademark Office

Registered Mar. 22, 2005

## SERVICE MARK
### PRINCIPAL REGISTER

# THUGPORN.COM

PITBULL PRODUCTIONS INC. (DELAWARE CORPORATION)
PO BOX 550244
NORTH WALTHAM, MA 02455

FOR: PROVIDING ENTERTAINMENT SERVICES IN THE NATURE OF ON-LINE ADULT ENTERTAINMENT BY MEANS OF A WORLD WIDE WEBSITE ON THE INTERNET, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 12-16-2003; IN COMMERCE 12-16-2003.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-376,333, FILED 3-1-2004.

CHERYL CLAYTON, EXAMINING ATTORNEY

Int. Cls.: 9 and 16

Prior U.S. Cls.: 2, 5, 21, 22, 23, 26, 29, 36, 37, 38 and 50

**Reg. No. 2,975,836**

**United States Patent and Trademark Office**

Registered July 26, 2005

## TRADEMARK
### PRINCIPAL REGISTER



PITBULL PRODUCTIONS, INC. (BAHAMAS CORPORATION)
PO BOX 550244
NORTH WALTHAM, MA 02455

FOR: VIDEOTAPES FEATURING ADULT ENTERTAINMENT, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-17-1998; IN COMMERCE 1-1-1999.

FOR: PHOTOGRAPHS, MAGAZINES AND CALENDARS FEATURING ADULT ENTERTAIN-MENT, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 12-17-1998; IN COMMERCE 1-1-1999.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SINCE 2003", APART FROM THE MARK AS SHOWN.

SER. NO. 78-337,523, FILED 12-7-2003.

KATHRYN COWARD, EXAMINING ATTORNEY

**EXHIBIT B**

**Pitbull Production Titles**

ALL AROUND PLAYAZ
BEST OF THUGPORN.COM
BIG BOOTY GANGBANG
BLACK HOLES
BOTTOMS UP
DILLON, THE ONE
HOT & CREAMY
LOVE OF THE DICK 1
LOVE OF THE DICK 2
LOVE OF THE DICK 3
LOVE OF THE DICK 4
LOVE OF THE DICK 5
LOVE OF THE DICK 6
LORD OF DA PINGA
MEATWACKERS 1
MEATWACKERS 2
MEATWACKERS 3
MEATWACKERS 4
MEATWACKERS 5
PACKIN PAPI
PAPI GOT FLAVA
RIPPED & READY
TIGER TYSON - IN THE HEAT
TIGER TYSON - SECRETS
TIGER TYSON STRIKES BACK
STEEL CURTAIN
STRAIGHT MEAT
TAKE 'EM DOWN 1
TAKE 'EM DOWN 2
THE SHOW 1
THE SHOW 2
THE WAY YOU LIKE IT
THUGZILLA'S BITCH  HUNT

**<u>EXHIBIT C</u>**

COPYRIGHT REGISTRATIONS

| TITLE | REGISTRATION NUMBER |
|---|---|
| best of thugporn | pa 1-333-964 |
| black holes | pa 1-333-944 |
| bottoms up | pa 1-334-063 |
| dillon the one | pa 1-375-450 |
| hot & creamy | pa 1-383-958 |
| lord of the pinga | pa 1-375-467 |
| love of the dick volume 1 | pa 1-375-451 |
| love of the dick volume 2 | pa 1-375-461 |
| love of the dick volume 3 | pa 1-379-732 |
| Love ot the dick volume 4 | pa 1-374-151 |
| meat whackers volume 1 | pa 1-375-453 |
| meat whackers volume 2 | pa 1-375-462 |
| meat whackers volume 3 | pa 1-375-464 |
| meat whackers volume 4 | pa 1 373-805 |
| meat whackers volume 5 | pa 1 373-945 |
| menace to str8 thugs | pa 1-377-050 |
| Packin papi | pa 1-367-610 |
| pain in da azz | pa 1-375-465 |
| papi got flava | pa 1-375-446 |
| ripped n ready | pa 1-375-466 |
| steel curtain | pa 1-375-463 |
| straight meat | pa 1-333-963 |
| TAKE EM DOWN 1 | pa 1-373-797 |
| take em down 2 | pa 1-366-908 |
| The Show Part 1 | pa 1-333-942 |
| The Show Part 2 | pa 1-375-445 |
| thugzillas bitch hunt | pa 1-375-452 |
| tiger tyson secrets | pa 1-375-443 |
| tiger tyson strikes back | pa 1-375-448 |

**<u>EXHIBIT D</u>**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x
Pitbull Productions, Inc.,                      )
               Plaintiffs,       )
                           )
                           )
                           )
               v.               )     AFFIDAVIT
                           )
Vishara Video, Inc., Vihan's Video, Inc.        )
dba Vihara Video, Vihan's Video, Inc.,          )
John Does 1-10,                                 )
               Defendants       )
                           )
---------------------------------------------------x

I, Edward Desmond, being duly sworn, deposes and says:

    1.     I am an agent of plaintiff Pitbull Productions, Inc.

    2.     On November 2, 2007 I was told that two (2) stores, Vishara Video, Inc. and Vihan's Video, Inc., in New York were not re-ordering our DVDs from our distributor. This was unusual given their pattern of ordering.

    3.     I went to the first store, Vishara Video, Inc. at 797 8th Avenue and purchase two DVDs, Love of the Dick, Vol. 2 ($34.95) and Meatwackers, Vol. 4 ($39.95) which with tax ($6.27) cost a total of $81.17.

    4.     I went to a store with the sign Vihan's Video, Inc. and purchased Bottoms Up marked at ($34.95) but the cashier rounded it up when ringing it up and entered it as $35.00 and Dillon The One ($39.95) again the cashier rounded this up to $40.00 while ringing it up plus tax $6.28 for a total of $81.28. The receipts at the store with the signage saying Vihan's Video, Inc. say Vihara Video, 592 W 8th Avenue, New York, New York 10019.

    5.     On November 2, 2007 the goods were taken to my office at 200 East 116th Street, Suite 2N, New York, New York 10029 to examine the items. Each of the DVDs were inexpensive counterfeits, with copied cover and DVD-R's with purple backs.

    6.     I counted approximately thirty (30) videos for sale a Vishara Video, Inc. and each of the DVD's appeared counterfeit.

7.    I counted approximately twenty five (25) videos for sale at Vihan's Video, Inc. and each of the DVD's appeared counterfeit.

DATED: 6·NOV· 07

EDWARD DESMOND

Marisol Cartagena
Notary Public, State of New York
Registration #01CA5072236
Qualified in New York County
My Commission Expires: 03/20/20//